Smith, J.
We state our conclusions in this case as briefly as possible. We are of the opinion : 1st, That the statute passed April 13, 1893, as amended April 24, 1893, authorizing “cities of the first grade of the first class to annex contiguous municipal corporations of other grades or classes lying within any county containing such cities of the first grade of the second class.” (90 Ohio Laws, 263-265) was as valid and binding as it would *524 have been if the whole law as it now stands had been passed as one act. That is, that if-the first section of the. law as originally passed, contained a provision which made the section to be in conflict with some provision of the constitution of the state, yet when that section was repealed, and its place supplied by a new section, not open to objection, the whole law stands after the amendment as if it had'originally been passed in that shape, in so far as the question of its validity is concerned.
2nd. That the statute in question is not open to the objection that it is a special act conferring corporate powers, so as to be in conflict with sec. 1 of article 13 of the constitution. Though it is printed among the local laws, it is a general law, applicable to all cities of the first grade of the first class which now are, or hereafter may come within that classification. Acts of a similar character in this respect, as is well known, have been repeatedly upheld by the Supreme -Court as valid. The fact that at the present time these is but one city of the first grade of the first class in the state, does not operate to make the legislation special.
3rd. A majority of the court is further of the opinion that the statute in question is not in contravention of sec. 26 of article 2 of the constitution, which provides that “ all laws of a general nature shall haved uniform operation throughout the state.” Judge Shauck, has grave doubts on this point, as in his opinion, the annexation of territory contiguous to an existing corporation, or of one or more municipal corporations to another existing one, is a matter of general nature, and that laws on the subject should have a uniform operation throughout the state — and therefore does not concur with the majority on this point. We think that this question is also settled by the doctrine of classification before referred to, viz: that the general assembly may thus confer upon a city of the first grade of the first class corporate power to annex contiguous territory, or contiguous municipal corporations in a manner different from the way provided by law for other municipal corporations to do the same thing.
*525 4th. We are further of the opinion that the law is not invalid, from the fact.that certain duties are imposed thereby in a certain event, on the judges of the court of common pleas in counties in which is situate a city of the first grade of the first class. Nor is. the provision itself invalid, whether the duties imposed upon the judges are judicial or administrative. We think this question is settled by the two cases in 21 Ohio St., viz.: The State v. The Judges, page 1, and Walker v. The City of Cincinnati, page 14.
5th. We think it was the clear purpose and intention of the legislature by the passage of this act, to confer upon, cities of the first grade of the first class, the right to decide as to what continguous municipal corporations they desired to have annexed thereto, in any one proceeding. And Cincinnati having done so in this case, and having decided to annex the five villages named in the ordinance, the question whether it should be done, was by the provision .of the statute (as we think) to be submitted as one proposition, to the electors of the six municipalities, and if it received an affirmative vote of a majority of those voting on the question, the proposition would be carried', and would not fail as to any one of such villages, even if a majority of those voting thereon, in such municipality voted against it. The legislature had full power to authorize the annexation in this way, and make it depend on the vote in all of the municipalities.
6th. It is objected that the proceedings for the annexation
were regular and invalid, because the express provisions of the statute were disregarded in this particular, that, when in pursuance of the notice required by the statute to be given of the passage of the first ordinance, (declaring the intention to annex), and that if there were any objections to, or remonstrances against the same, they should be filed with the clerk of. the board of legislation, who should present the same to the board at its next regular meeting, and such board should then hear all objections and remonstrances and finally dé *526 termine the same by ordinance; that although such objections and remonstrances were duly filed, no notice was given to the remonstrants to appear before the board and have a hearing thereon. .And that said board did not hear and determine the same by ordinance. As to this it may be said that no such notice of the time for hearing the same, was required to be given either by the statute or by the ordinance. The remonstrants were advised that they were to be presented to the next regular meeting of the board after their filing, and they might have been present if they desired. It is shown by the evidence that these objections and remonstrances were presented to the board at its next meeting after they were filed, and then considered and determined by ordinance.-
7th. But notwithstanding all this, we have been forced to the conclusion, that there was fatal error in the steps taken to bring about this annexation, and that it can not be upheld, and that such error was in this one particular: The statute under consideration, by the first section thereof, gives to cities of the first grade of the first class the right to annex contiguous corporations “ upon the terms and conditions hereinafter recited,” and in the succeeding sections these terms and conditions are clearly pointed out! The first was the passage of an ordinance by the board of legislation declaring its intention to annex the corporations described therein. And second, it then became the duty of the mayor of such city to cause such ordinance to be published once a week .for four consecutive weeks in two newspapers, published and of general circulation in the county.
It is objected that this publication was not made as required by the statute, and that it is essential that it should have been done, and therefore that the whole proceeding must fail. It appears from the testimony taken in the case, that on the passage of the ordinance on January 5, 1894, declaring the attention to annex, and directing the mayor of the city to publish the same in the manner provided for in the statute, *527 that he did proceed to publish the same once a week for four consecutive weeks in two newspapers published and of general circulation in this county, viz., in the “ Commercial Gazette,” published in the English language, and in “ The Free Press,” published in the German language, and that it was not published in any other paper published in the English language.
Was this a compliance with the provision of the statute? This depends, of course, upon the question whether under the statute it should have been published in two papers published in the English language. In the case of The City of Cincinnati v. Brickell, 26 Ohio St. 40, it was held by the Supreme Court that “ where a statute of the state requires a publication to be made in a newspaper, in the absence of any provision to the contrary, a paper published in the English language is to be understood as intended, and a publication in a paper printed in another language is not a compliance with the statute.” If this be the law, (and we must accept it as such), it would seem impossible to escape the conclusion, that if the statute requires the publication to be made in two newspapers, in the absence of any provision to the contrary, both must be newspapers printed in the English language.
It is claimed, however, by counsel for the City, that even if this be conceded, that it is directory only, and that a failure strictly to comply with this provision is not , fatal to the proceeding under the circumstances of this case, where, as shown by the evidence, there must have been knowledge on the part of the electors of all the municipalities of the submission of the question, as it appears that nearly every person who voted at the general election held on that day, voted also on this proposition, and the vote in favor of it was almost unanimous.
There are cases where the principle contended for by counsel will properly be applied, as where the provision which has not been complied with, is merely directory, and it is apparent that its omission has worked no prejudice or wrong. *528 As where the statute directs the sheriff to publish his proclamation of an election to be held in pursuance of'law, and he fails to do so, but still the election, is held, and.if is manifest from the result that the great body of the electors of the district, in fact had notice of the election, and exercised the right to vote. But in that case there is no provision of the law which makes the validity of the election, or that it should be held at all, to depend upon the giving of the notice by-the sheriff'.
But in the case at bar, as we have before intimated, the provision of the statute as to the publication of this ordinance can not be held to be merely directory; but under the terms of the statute the power to annex was given only when the conditions therein stated were complied with. The annexation could only be accomplished when the steps pointed out in the statute.had been taken..' Unquestionably, the legislature had the right to require these things to be done before the power could be exercised. And if it has done so, a court can not properly say that any one of -those requirements was unnecessary. This doctrine, we think, is expressly laid down in the case of The Village of Franklin v. Croll, 31 Ohio St. 647,
For this reason we are of the opinion that the defendants are not authorized to exercise the corporate or other powers or functions, which they assume to have, and which in our judgment they would have had if the publication of this ordinance had been made as the statute requires.
If the views of the court above expressed as to the validity of this law be correct, and it warrants proper proceeding for the annexation of these contiguous villages, and as it would seem almost certain from what has already taken place that a very great majority of the electors are favorable thereto, and that on a new proceeding conducted in conformity with’the provisions of the statute, the annexation would be consummated, it may not- be out of the way for us to suggest to the parties and their counsel, whether some arrangement cannot *529 be made whereby the great expense and delay of holding another election may be avoided. If, however, the counsel for the relator are of the opinion that the judgment of the court is wrong, or that it should be reviewed by the Supreme Court, of course, the suggestion will not be considered.
Paxton, Warrington & Boutet, Judge D. Thew Wright, Stanley E. Bowdle, and Swing & Morse, for plaintiff.
Hertenstein & Dinsmore, Corporation Counsel, for defendant.